IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 APR 25 PM 12:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHNNIE BELL, WILLIE BENNETT, CORNELIUS BENSON, SHERMAN BROWN, RONALD CADE, JERRY COLEMAN, JAMES DRAKE, RALPH EARL, J.B. ERVIN, JACKIE FORD, JERRY FRAZIER, SAMMIE GILCHRIST, RONALD GLOVER, CHARLES GOINS, FREDRICK HARPER, CECIL HARRIS, JERRY HARRIS, KARL HENRY, WILLIE HINES, TARA HOWTON, ARNITIA HUNTER, HUNDLEY JORDAN, JR., TINA KING, ERVIN LEWIS, ROBERT MCHOWARD, SHEARROD MCMILLIAN-TODD, DEXTER MASSEY, EUGENE MINES, WILLIE MURPHY, DONALD NELSON, BENJAMIN PICKETT, JAMES PILGROM, NATHANIEL RAVIZEE, DONALD RICHARDSON, ARTHUR ROBINSON, EDDIE SMILEY, ELDRED SPEIGHTS, JR., DAVID STEPHENS, KENNETH THOMAS, JEREMIE WHITSEY, JULIUS WOODALL, and MICHAEL WOODS,

Plaintiffs,

v.

NORFOLK SOUTHERN CORP.,

Defendant.

CV-01-J-1022-S

## COMPLAINT

COMES NOW, the Plaintiffs in the above-styled matter and say as follows:

1

## I
## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1334(4); 28 U.S.C. §§2201 and 2202; 42 U.S.C. §§1981 and 1981A, and the Civil Rights Act of 1991. The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by 42 U.S.C. §§1981 and 1981A and the Civil Rights Act of 1991, providing injunctive and other relief against race discrimination. The unlawful employment practices occurred in the above-styled judicial district and division making venue proper.

## II
## PARTIES

2. Plaintiffs Johnnie Bell, Willie Bennett, Cornelius Benson, Sherman Brown, Ronald Cade, Jerry Coleman, James Drake, Ralph Earl, J.B. Ervin, Jackie Ford, Jerry Frazier, Sammie Gilchrist, Ronald Glover, Charles Goins, Fredrick Harper, Cecil Harris, Jerry Harris, Karl Henry, Willie Hines, Tara Howton, Arnitia Hunter, Hundley Jordan, Jr., Tina King, Ervin Lewis, Robert McHoward, Shearrod McMillian-Todd, Dexter Massey Eugene Mines, Willie Murphy, Donald Nelson, Benjamin Pickett, James Pilgrom, Nathaniel Ravizee, Donald Richardson, Arthur Robinson, Eddie Smiley, Eldred Speights, Jr., David Stephens, Kenneth Thomas, Jeremie Whitsey, Julius Woodall, and Michael Woods are all African-American citizens of the United States and residents of Jefferson County, Alabama. They were all employed by the defendant at its Birmingham, Alabama location during the time of the alleged acts of discrimination.

3. Defendant, Norfolk Southern Corporation , is an entity subject to suit under 42 U.S.C. §§1981 and 1981A and the Civil Rights Act of 1991. The defendant employs at least fifty (50) persons and is an employer subject to suit pursuant to 42 U.S.C. §§1981 and 1981A.

## III
## CAUSE OF ACTION – RACE DISCRIMINATION
## (Hostile Work Environment Claims - 42 U.S.C. §§1981 and 1981A)

*Johnnie Bell, Willie Bennett, Cornelius Benson, Sherman Brown, Ronald Cade, Ralph Earl, J.B. Ervin, Jackie Ford, Jerry Frazier, Sammie Gilchrist, Ronald Glover, Charles Goins, Fredrick Harper, Cecil Harris, Jerry Harris, Karl Henry, Willie Hines, Tara Howton, Arnitia Hunter, Hundley Jordan, Jr., Ervin Lewis, Robert McHoward, Shearrod McMillian-Todd, Dexter Massey, Eugene Mines, W.C. Motley, Willie Murphy, Donald Nelson, Benjamin Pickett, James Pilgrom, Nathaniel Ravizee, Donald Richardson, Arthur Robinson, Eddie Smiley, Eldred Speights, Jr., David Stephens, Kenneth Thomas, Jeremie Whitsey, Julius Woodall, and Michael Woods*

4. Plaintiffs re-allege and incorporate by reference paragraphs 1-3 of this amended complaint with the same force and effect as if set forth fully herein.

5. Throughout their employment with the defendant, the above-named Plaintiffs have been discriminated against because of their race in, including but not limited to, being forced to work in a racially hostile work environment.

6. Plaintiffs have been subjected to a continuously hostile work environment including, but not limited to, racial slurs such as "nigger", "nigger woman," "boy," "girl," and numerous racist jokes. They have been subjected to nooses hung on their engines as well as the word "nigger" written on the trains. Racist jokes are written on bathroom walls and told over the train radio broadcasts.

7. Likewise, they have been subjected to racist statements made by supervisors and managers, including but not limited to the following:

a. Richard Popwell, white, stated repeatedly that he "doesn't like working with niggers," he "hates niggers," and the railroad would "be a better place without niggers."

b. Barry Bolin, white, made the statement "that nigger woman cheated me out of five cents."

c. Chip Holt, white, make the statement that he "won't take that nigger shit."

d. Mickey Ward, white, made the statement that "I can get those nigger conductors to do anything."

e. Dilbeck, white, made the statement "how do black people know when their bodies are dirty and they need to take a bath?"

f. Announcements to black employees on the train radio broadcasts telling them where they could find chicken and watermelon on the road.

g. McBride, white, made the statement, "Jesus must be black because he was born in a barn, didn't know who his father was and he was a dark complexion."

## IV
## CAUSE OF ACTION – RACE DISCRIMINATION
## (Discipline Claims – 42 U.S.C. §§1981 and 1981A)

*Jerry Coleman, James Drake, Ronald Glover, Willie Hines, Tina King, Robert McHoward, Willie Murphy, Donald Nelson, and Kenneth Thomas*

8. Plaintiff re-allege and incorporate by reference paragraphs 1-7 of this amended complaint with the same force and effect as if set forth fully herein.

9. The defendant discriminated against the above-named Plaintiffs on the basis of race with respect to their employment contracts by refusing to contract with Plaintiffs

on terms free of racial bias, with respect to discipline and other adverse terms, conditions and privileges of employment and in violation of 42 U.S.C. §§1981 and 1981A and the Civil Rights Act of 1991, among other laws. Plaintiffs were subjected to harsher discipline than other similarly situated white employees.

10. On or about 1999, Plaintiff Jerry Coleman was subjected to disciplinary action for alleged insubordination and was suspended without pay for twenty-four (24) days. After being cleared of the alleged misconduct, he was not paid for the days he was suspended. However, Wendell Olive, a similarly situated white employee, was paid for the days he was suspended for the same or similarly alleged misconduct.

11. On or about 1999, James Drake was subjected to disciplinary action for allegedly wearing jewelry in violation of company policy and was suspended without pay for fifteen (15) days. However, Chris Grimes, Vicky Chisholm and Tommie Keel, all of whom are similarly situated white employees, have not been suspended or disciplined for continued violations of the same company policy.

12. On or about 1999, Plaintiff Ronald Glover was subjected to disciplinary action for an alleged policy violation and suspended without pay for thirty (30) days. Jim Cheek, a similarly situated white employee, committed the same policy violation but was not disciplined.

13. On or about 1999, Plaintiff Willie Hines was subjected to disciplinary action for allegedly speeding. Wendell Olive, a similarly situated white employee, committed the same alleged policy violation but was not disciplined. On or about 2000, Plaintiff

Willie Hines received three (3) years probation for an alleged policy violation. However, Chip Holt, a similarly situated white employee, committed the same policy violation but was not put on probation.

14. On or about 1999, Plaintiff Tina King was subjected to disciplinary action for allegedly reading a newspaper. However, Burt Tomelin and Van Foster, both similarly situated white employees, have not been disciplined for repeatedly violating the same policy.

15. On or about 2000, Robert McHoward was subjected to disciplinary action for an alleged policy violation, however, similarly situated white employees who committed the same policy violations were either not disciplined as harshly as Plaintiff, or were not disciplined at all.

16. On or about 2000, Plaintiff Dexter Massey was subjected to disciplinary action for an alleged policy violation, however, similarly situated white employees who committed the same policy violations were either not disciplined as harshly as Plaintiff, or were not disciplined at all.

17. On or about 1999, Plaintiff Willie Murphy was subjected to disciplinary action for an alleged policy violation and received three (3) days suspension without pay and three (3) years probation. However, Andrea Crump, the white conductor in charge at the time the alleged violation occurred, was only suspended for one (1) week and did not receive any probation period.

18. On or about 1999, Plaintiff Donald Nelson was subjected to disciplinary action for an alleged rule violation and was suspended without pay for fifteen (15) days. However, Bill Clemens, a similarly situated white employee, was suspended for only seven (7) for the same alleged policy violation.

19. On or about 2000, Plaintiff Kenneth Thomas was subjected to disciplinary action for allegedly speeding and was suspended without pay for sixty-five (65) days. However, Wayne Lowery, a similarly situated white employee, was suspended for only thirty (30) days for the same alleged policy violation.

**V**
**CAUSE OF ACTION – RACE DISCRIMINATION**
**(Termination Claim – 42 U.S.C. §§1981 and 1981A)**
*Jeremie Whitsey*

20. Plaintiffs re-allege and incorporate by reference paragraphs 1-19 of this amended complaint with the same force and effect as if set forth fully herein.

21. The defendant discriminated against Plaintiff Jeremie Whitsey on the basis of race with respect to his employment contract by refusing to contract with Plaintiff on terms free of racial bias, with respect to termination and other adverse terms, conditions and privileges of employment and in violation of 42 U.S.C. §§1981 and 1981A and the Civil Rights Act of 1991, among other laws.

22. On or about January 15, 2000, Plaintiff Jeremie Whitsey was terminated for allegedly falsifying his employment application. Plaintiff was ultimately cleared of all

charges and was rehired on or about November 16, 2000. However, Plaintiff was not paid for the ten (10) months he was wrongfully terminated.

23. Furthermore, John Hawkins, a similarly situated white employee, upon information and belief, falsified his employment application, but was not terminated.

## VI
## PRAYER FOR RELIEF

**WHEREFORE, Premises Considered**, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial provide relief as follows:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiffs as secured by 42 U.S.C. §§1981 and 1981A and the Civil Rights Act of 1991.

2. Grant the Plaintiffs a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and/or at the Defendant's request, from continuing to violate 42 U.S.C. §§1981 and 1981A and the Civil Rights Act of 1991.

3. Enter an order requiring the Defendant to make the Plaintiffs whole by awarding them compensatory and punitive damages.

4. Plaintiffs further pray for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney fees and expenses incurred by this litigation.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.**

Respectfully Submitted,

Hycall Brooks, III

Charles I. Brooks

Toni J. Braxton

***The Brooks Firm, P.C.***
2705 Fourth Avenue South
Birmingham, Alabama 35233
(205) 320-0005

Defendant's Address

Norfolk Southern Corp.
1400 Norfolk Southern Drive
Irondale, Alabama 35210